**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**TIFFANY INDUSTRIES, INC., et al., Defendants.**

No. 81–1106 C (2).

United States District Court,
E. D. Missouri, E. D.

March 29, 1982.

Theodore A. Levine, Gary Lynch, Steven M. Rosenberg, Burt M. Zurer, Securities &

Exchange Comn., Washington, D. C., Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Milton S. Gould, Martin E. Karlinsky, Shea & Gould, New York City, Mario V. Mirabelli, Shea & Gould, Washington, D. C., Lewis R. Mills, Audrey G. Fleissig, Peper, Martin, Jensen, Maichel & Hetlage, Burton M. Greenberg, London, Greenberg & Fleming, Alan C. Kohn, Kohn, Shands, Elbert, Gianoulakis & Giljum, J. R. McEachern, Guilfoil, Symington, Petzall & Shoemake, St. Louis, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This case is now before this Court on the motion of defendant Joseph Simpkins to join Alexander Grant & Company as an additional defendant pursuant to Rules 19 and 21 of the Federal Rules of Civil Procedure. Defendant alleges that Alexander Grant was an instrumental participant in the alleged unlawful activities that the Securities and Exchange Commission [hereinafter "SEC"] is seeking to enjoin in this cause of action. Therefore, the defendant contends that the joinder of Alexander Grant is essential because in his absence this Court will be unable to institute a meaningful remedy. The SEC has submitted a memorandum in opposition to defendant Simpkin's request for joinder; the SEC contends that an agency's decision to refrain from bringing an enforcement action is a matter committed to agency discretion, and therefore unreviewable by this Court.

The SEC brought this action pursuant to Section 20(b) of the Securities Act, 15 U.S.C. § 77t(b), and Sections 21(d) and 21(e) of the Exchange Act, 15 U.S.C. §§ 78u(d) and 78u(e), for the purpose of enjoining defendants Tiffany, Kahn, Appel, and Simpkins from engaging in further acts and practices that are in violation of the Securities Laws. These statutory provisions provide that whenever it appears to the SEC that any person is engaged or is about to engage in acts that constitute a violation of the law, "it may in its discretion, bring an action" in the appropriate tribunal for the purpose of enjoining these practices. 15 U.S.C. §§ 77t and (b); 15 U.S.C. § 78u(e). Defendant Simpkins now seeks to join Alexander Grant on the ground that a just determination of this proceeding instituted by the SEC will require a consideration of the effects of Grant's activities as Tiffany's accountants.

Although there are instances that administrative inaction may become judicially cognizable, an agency's decision to refrain from an enforcement action is generally unreviewable. *Kixmiller v. Securities and Exchange Commission*, 492 F.2d 641 (D.C.Cir.1974). Therefore, agencies engaged in prosecutorial or enforcement activities are provided a wide discretion on when to file charges and against whom the charges should be instituted. *National Milk Producers Federation v. Harris*, 653 F.2d 339 (8th Cir. 1981). Both the Securities Act and the Exchange Act provides the SEC with the requisite "discretion" to bring enforcement actions. Furthermore, the Administrative Procedure Act exempts from judicial review "agency action ... committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Therefore, this Court does not have the jurisdiction either to review the SEC's decision not to institute an enforcement proceeding against a particular part, or to compel the agency to initiate proceedings against a party. *Dyer v. Securities and Exchange Commission*, 291 F.2d 774, 781 (8th Cir. 1961). By requesting the joinder of Alexander Grant & Co. in an action already brought against Tiffany, Simpkins, Kahn, and Appel, defendant Simpkins is in effect asking this Court to require the SEC to initiate enforcement proceedings against Alexander Grant & Co. and change the scope of the proceeding instituted by the SEC. Therefore, this Court lacks the jurisdiction to enter an order joining Alexander Grant & Co. as a party defendant in this action.

Accordingly, the motion of defendant Simpkins to join Alexander Grant & Co. as a defendant in this action will be denied.